UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20323-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDEL JIMENEZ,                          **REPORT AND RECOMMENDATION**

        Defendant.
_____/

        On or about August 3, 2009, court-appointed defense counsel Hugo Rodriguez ("Counsel") submitted a voucher application numbered FLS 09 2133 with appended time sheets requesting $4,347.80 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA").

        Per my request, Counsel also submitted a document entitled "Background" dated December 10, 2009 (the "Background Statement") providing additional information concerning the nature of Counsel's representation of Defendant Edel Jimenez ("Defendant") in this case. Although Defendant was initially represented by other counsel in this case, Counsel represented Defendant for slightly more than four (4) months from his appointment on November 20, 2008 until April 3, 2009.

        Counsel seeks $4,347.80 in his application, an amount which, alone, does not exceed the $8,600.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. The amount of Counsel's CJA voucher exceeds the $8,600.00 statutory maximum when combined with the amount paid to prior counsel in this case, however. As a result, court approval is required. Consequently, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 55]** referring the voucher

application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than

would normally be required in an average case.  *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Again, Counsel's CJA voucher, standing alone, does not exceed the applicable CJA maximum allowed for compensation in non-capital felony cases.  Yet, because Counsel's fee request must be combined with the request of prior counsel, I must conclude that this case involved "extended" or "complex" representation and that the amount requested is necessary to provide Counsel with fair compensation in order to award a total amount in excess of the $8,600.00 CJA maximum.  I find that this case was indeed complex, thus the traditional $8,600.00 cap is inapplicable.

## DISCUSSION

### This Case Was Complex

As I explained above, under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended.  This case was complex for several reasons.  First, Counsel was not Defendant's original lawyer.  Rather, Counsel was brought in as replacement counsel months after this case originally commenced and after Defendant had already entered a guilty plea.

Counsel was appointed replacement counsel after Defendant's original counsel withdrew.  One of Counsel's first tasks was to determine if Defendant truly "wanted to proceed to sentencing or to go trial."  (Background Statement at 1).  As replacement counsel, Counsel was required to learn everything about this case very quickly.  Counsel had

to advise the Court, on an expedited basis, whether Defendant wished to withdraw his guilty plea and proceed to trial. Counsel had to review all of the pleadings and the entire record of what had occurred in the case prior to his appearance as well as consult with Defendant on numerous occasions in a short time frame in order to avoid delaying the matter further.

Once Counsel determined that Defendant indeed intended to maintain his guilty plea, Counsel was forced to file a motion to continue the sentencing date in order to fully prepare for Defendant's sentencing. The procedural posture of this case required Counsel to expend more time, in a very short time frame, than was required in the typical case.

Second, the procedural nature and legal issues in this case made this case more complex as well. As Counsel explained in his December 10, 2009 Background statement, Defendant "was indicted in two separate cases, each charging him with being the straw-buyer for two separate DME's which were involved in Medicare fraud." (Background Statement at 1). In the first case, Case Number 08-20323-CR-SEITZ, Defendant was charged with eleven (11) counts including conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count I), health care fraud in violation of 18 U.S.C. §§ 1347 & 2 (Counts II - VI) and aggravated identity theft in violation of 18 U.S.C. §§ 1028A & 2 (Counts VII - XI). The government also sought forfeiture and restitution from Defendant. Defendant faced ten (10) years imprisonment for Count I, ten (10) years imprisonment per count in Counts II - VI and two (2) years imprisonment per count in Counts VII - XI, to run consecutively.

In the second case, Case Number 08-20511-CR-SEITZ, Defendant was charged with seven (7) counts including health care fraud in violation of 18 U.S.C. §§ 1847 & 2 (Counts I - VI) and money laundering in violation of 18 U.S.C. § 1957 & 2 (Count VII). The

government again sought forfeiture and restitution from Defendant in that case as well. Defendant faced ten (10) years imprisonment per count in Counts I - VI and ten (10) years imprisonment for Count VII.

"The cases were consolidated for pleas and sentencing." (Background Statement at 1). Defendant plead guilty in both cases and was eventually sentenced to a term of thirty (30) months imprisonment in each case with the sentences to run concurrently. Defendant was also ordered to pay restitution in the amount of $411,384.00 in Case Number 08-20323-CR-SEITZ and $201,737.00 in Case Number 08-20511-CR-SEITZ. Defendant was also sentenced to three (3) years supervised release in Case Number 08-20511-CR-SEITZ. That Defendant faced so many charges with such severe penalties in the two cases made the cases, and the representation required, more complex than usual.

Third, prior to sentencing, Defendant was actively involved in the preparation of his own defense. Defendant identified "several trial witnesses" whom Counsel should interview prior to trial. (Background Statement at 1). Defendant's family also provided Counsel with "4 boxes of documents" for Counsel to review in order to advise Defendant whether or not to proceed to trial. (Background Statement at 1). "After attempting to interview several potential witnesses and spending numerous hours culling through the documents provided, [Defendant] decided that it was in his best interests to proceed to sentencing." (Background Statement at 2). Thereafter, it "became necessary, [for Counsel] to review the government's trial discovery as to loss since this would be a major disagreement at sentencing." (Background Statement at 2). Additionally, this case was rendered more complex because Defendant "does not read English and [Counsel] was required to translate all the documents" for Defendant. (Background Statement at 2).

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due the fact that he was brought in as replacement counsel after Counsel had already entered a guilty plea. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I will now review the voucher to determine the appropriate amount for which Counsel should be compensated.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed a total of 2.7 in-court hours using the hourly rate of $110.00/hour for a total of $297.00. After verifying the in-court hours, the CJA administrator made no changes to the number of in-court hours claimed by Counsel.

The CJA administrator also reviewed the $3,982.00 Counsel billed for 39.2 out-of-court hours. Counsel sought compensation for 18.2 hours for "Interviews and conferences" and 15.9 hours for "Obtaining and reviewing records". Counsel also sought compensation for 2.5 hours for "Legal research and brief writing" and 2.6 hours for "Investigative and Other work." Counsel also listed $68.80 in "Other Expenses."

The CJA administrator made no changes to the total number of hours sought by Counsel, however, she did properly allocate 33.0 hours at the rate of $100.00/hour and 6.2 hours at the rate of $110.00/hour. The CJA administrator also properly allocated the total amount claimed by Counsel for expenses between "Travel Expenses" ($20.00) and "other

Expenses" ($48.80) which Counsel had failed to do.

### In-Court Hours[1]

Counsel seeks $297.00 for a total of 2.7 in-court hours at a rate of $110/hour incurred for a sentencing hearing on March 26, 2009. The CJA Administrator made no correction to this figure. I approve this amount as reasonable.

### Out-of-Court Hours

Counsel seeks $3,982.00 for 39.2 out-of-court hours. Although Counsel failed to allocate the 39.2 hours between the various applicable hourly rates of $100.00/hour and $110.00/hour, the CJA administrator allocated 33.0 hours at $100.00/hour and 6.2 hours at $110.00/hour. The allocations made by the CJA administrator are appropriate.

Although the vast majority of Counsel's time entries are appropriate, there are a few entries that contain time that is not compensable under the CJA. Counsel listed three entries in his time sheets which include "Mtg: Wife", "Mtg: Family" and "Mtg. AUSA, USPO, Family etc." The entries are issue are:

| | | |
|---|---|---|
| 1/22/09 | Review Plea Colloquy; Mtg. Wife; New Info, Loss, etc. (1.3 hours) | |
| 3/7/09 | Mtg: Family; USSG; History; Strategy; trial; Withdraw Plea Client FDC NO (1.3 hours) | |
| 3/26/09 | Pre Sentencing Mtg; Mtg: AUSA, USPO, Family etc. (2.2 hours) | |

The "Supplemental Instructions for Completing CJA20 Vouchers" form provided by the Court reinforces the Guidelines and makes clear that time spent counseling family is not

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

compensable under the CJA.  The Supplemental Instructions provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable."  As personal time is generally not compensable, it was necessary for Counsel to explain the nature of the meetings with Defendant's family.

Counsel explained that the purpose of the first meeting on 1/22/09 with the family was to attack the amount of loss claimed by the government.  I conclude that this time is appropriate because it contributed to Defendant's defense.  Accordingly, Counsel should be compensated in full for this time.  The 3/7/09 entry is not justifiable, however.  Counsel explained that this second meeting was to review Counsel's strategy for the case and to answer the family's questions.  Thus, the 1.3 hours spent with Defendant's family on that date is not compensable.

With respect to the last meeting with Defendant's family on 3/26/09, Counsel did not allocate the precise amount of time he spent meeting with Defendant's family on this date.  As this time is lumped together with time Counsel spent meeting with the assigned "AUSA" and "USPO" officer, I will reduce this entry by one-third, or 0.7 hours.

I find, however, that the remaining charges listed in the voucher application are appropriate.  Factoring in my deductions, I recommend that Counsel should be paid $3,775.00 for his out-of-court hours, a reduction of $207.00.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension

between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $3,775.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $68.80 in expenses. The CJA administrator reallocated the expenses sought between "Travel Expenses" ($20.00) and "Other Expenses" ($48.80). I approve the CJA administrator's corrections and approve the expenses sought as reasonable.

### CONCLUSION

I commend Mr. Rodriguez for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What

is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Mr. Rodriguez be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Mr. Rodriguez full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I find that it is appropriate that reimbursement be allowed in excess of the statutory maximum of $8,600.00 in this case. Based upon my review of the time sheets, the December 10, 2009 Background Statement, my conversations with Counsel, the docket and filings in Case Numbers 08-20323-CR-SEITZ and 08-20511-CR-SEITZ, I RECOMMEND that Counsel be paid $3,843.80 as fair and final compensation for his work in these cases.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 26 day of January, 2010.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Hugo Rodriguez, Esq.
    Lucy Lara, CJA administrator